UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROKESHIA GUILLORY** : **CIVIL ACTION NO. 19-332**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**COURTNEY HAWKINS** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Rokeshia Guillory. Doc. 12. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and that all claims against the Louisiana Department of Transportation and Development ("DOTD") be **DISMISSED WITHOUT PREJUDICE**.

## I.
### BACKGROUND

The case arises from an accident that occurred on February 1, 2018, when plaintiff, while crossing an interstate highway, was struck by a 2016 Freightliner Cascadia. Doc. 1, att. 1, p. 5; Doc. 12, att. 6, p. 6. The freightliner was owned by United Business Freight Forwarders, LLC ("United"), and driven by Courtney Hawkins who was, at the time of the accident, insured by Hartford Fire Insurance Company ("Hartford") and acting in the course and scope of her employment with EZ Worldwide Services, Inc. ("EZ Worldwide"). *Id.* at 5-7. On January 10, 2019, plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Made

defendants therein were Courtney Hawkins, United, EZ Worldwide, Hartford, and the DOTD. *Id.* at 5.  Specifically against DOTD, plaintiff alleges "DOTD had custody of the roadway" and that it failed to take adequate measures to protect pedestrians in that area. *Id.* at 7.

On March 14, 2019, defendants Courtney Hawkins and Hartford removed the suit to this court, allegedly with EZ Worldwide and United's consent. *See* Doc. 1, pp. 1-2.  The removing defendants claim that complete diversity exists[1] between plaintiff and all defendants except DOTD which, they assert, is improperly joined. *Id.* at 4.  Plaintiff filed the instant motion for remand on April 12, 2019, and claims he has stated a valid cause of action against DOTD.  Doc. 12.

## II.
### LAW & ANALYSIS

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  This diversity provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996).  This means that there must be complete diversity between all named parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir.1993). "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir.2003).  If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003)).

---

[1] The removing defendants assert, and plaintiff does not contest, that plaintiff and the DOTD are citizens of Louisiana. *See* doc. 1, ¶ 10, 13. They further assert Courtney Hawkins is citizen of Tennessee [*id.* at 3] and at the time the action was commenced both EZ Worldwide and United were corporations "organized and existing under the laws of a state *other than Louisiana*, with [their] principal place of business in a state *other than Louisiana*." *Id.* at 3, 4 (emphasis added).

-2-

No fraud is alleged; accordingly, the only relevant issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

In order to assess a plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Id*. This inquiry "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) (citations omitted). "Ordinarily if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id*. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

Although DOTD was made a defendant in these proceedings, the removing defendants assert that there is no reasonable basis to predict that the plaintiff has a possibility of recovery against the DOTD. Doc. 18, p. 4. Plaintiff disagrees, he asserts that he has stated a valid claim of negligence against the DOTD [doc. 14] and that "recovery is not only possible, but probable." Doc. 19, p. 3.

"The threshold issue in any negligence action is whether the defendant owed a duty to the plaintiff." *Travelers Property Cas. Co. of America v. Pratt*, 940 So.2d 704, 707 (La. App. 2 Cir. 2006) (citations omitted). "[This] legal inquiry involves a determination of whether the duty of

the particular defendant that has allegedly been breached extends to protect against the risk of harm suffered by the plaintiff." *Id.* at 707-708 (citation omitted). When evaluating a defendant's duty it is important to note "under [Louisiana] jurisprudence, 'causation' does not equal 'duty.'" *Continental Ins. Co. v. Three Seasons Pest Control Co.*, 649 So.2d 1220, 1222 (La. App. 3 Cir. 1995). A plaintiff does not prove that defendant had a duty to plaintiff simply by proving defendant was the cause-in-fact of plaintiff's injury. *Id.* "Whether a duty is owed is a question of law," [*Brewer v. J.B. Hunt Transport, Inc.*, 35 So.3d 230, 240 (La. 2010) (citing *Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811, 813 (La. 1993))] the answer to which "depends on the facts and circumstances of the case and the relationship of the parties." *Seals v. Morris*, 410 So.2d 715, 718 (La. 1981).

The "DOTD's duty is to maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence." *Lasyone v. Kansas City Southern R.R.*, 786 So.2d 682, 690 (La. 2001) (citations omitted). This duty includes the specific duty of providing adequate warnings of dangerous conditions on the highways, sufficient to alert the ordinary, reasonable motorist, to the character of the road and the use reasonably to be anticipated. *State Farm Mut. Auto. Ins. Co. v. Slaydon*, 376 So.2d 97, 99 (La. 1979). However, "[i]t is an established principle of law that the Department of Highways is not the insurer of the safety of all motorists on its roads nor is it responsible for every accident that may occur." *Id.* at 98 (citing *Barnes v. Liberty Mutual Ins. Co.*, 350 So.2d 288 (La.App. 3 Cir. 1977)). "Moreover, not every imperfection or irregularity will give rise to liability, but only a condition that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Lasyone*, 786 So.2d at 690 (citing *Entrevia v. Hood,* 427 So.2d 1146, 1149 (La.1983)).

Because there is no conspicuous link between the DOTD's obligations and plaintiff's injuries, the existence of a valid claim against the DOTD depends on certain discrete facts included in the parties' exhibits but omitted from the complaint. We therefore exercise our discretion to pierce the pleadings in this matter. Plaintiff asserts "[t]he portion of the Interstate 10 where the accident occurred was accessible to pedestrians and was a known pedestrian crossing." Doc. 1, att. 1, p. 7. He indicates that at least one other accident occurred in the same area in 2011 and that the officer investigating the accident plaintiff was involved in commented "[plaintiff] was coming across like they always do . . ." [doc. 19, p. 2 (citing doc. 19, att. 4)]; photos [doc. 12, att. 3] and video [doc. 19, att. 4] from the scene clearly show a beaten down path used by pedestrians to cross the median adjacent to the interstate. Accordingly, plaintiff asserts the DOTD was negligent because it failed to prevent pedestrians from accessing the area, it failed to warn pedestrians of the "dangerous condition," and it failed to "warn drivers of pedestrians in the area." Doc. 1, att. 1, p. 7.

There exists no breached legal obligation owed by the DOTD to plaintiff. As removing defendants point out [doc. 1, p. 4] under Louisiana law it is "unlawful for any pedestrian to cross an interstate highway, except in the case of an emergency." LA. R.S. 32 § 216 (C). Although plaintiff cites [doc. 19, p. 5] *Miller v. Fields*, 570 So.2d 39, 42 (La.App. 4 Cir. 1990), for the proposition that "the DOTD has a duty to prevent access to the main section of I–10," in *Miller*, the court ultimately held that "the risk created by [a] gap in the control of access [of I-10] encountered by [the] decedent . . . was not an unreasonable one." 570 So.29 at 43. This was in spite of the fact that there was "a well worn foot path in the area," [*id.* at 40] and the gap "was well known to young people in the area as a short cut for traversing I–10." *Id.* at 41.

The "DOTD's duty is to maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence." *Lasyone,* 786 So.2d at 690.  Plaintiff has failed to demonstrate that the DOTD had a duty to stop him from traversing the interstate or to warn him that doing so was dangerous. Accordingly, we recommend the DOTD be dismissed as improperly joined and that plaintiff motion be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand [doc. 12] be **DENIED** and that all claims against the DOTD be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 23rd day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE